# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4845 | **DATE** | July 11, 2013 |
| **CASE TITLE** | Jamell Malone v. Sergeant Cintron | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc [4]) is granted and the filing fee is waived. The Clerk is directed to amend the caption of the complaint to indicate that Correctional Sergeant Cintron is the proper Defendant. The Cook County Sheriff's Department is dismissed as a Defendant. The Clerk is further directed to issue summons for Defendant Cintron, and the United States Marshals Service is appointed to serve him. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

   Plaintiff, Jamell Malone, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, Cook County Sheriff's Department and Correctional Sergeant Cintron violated his constitutional rights by subjecting him to excessive force. More specifically, Plaintiff claims that on July 9, 2012, Plaintiff was arrested for domestic battery. When he arrived at the Cook County Jail and was being fingerprinted, Plaintiff exchanged words with the deputy sheriff who was processing him. Plaintiff alleges that Sergeant Cintron pulled him out of line and wrenched his arm up behind his back. When Plaintiff protested, he alleges that Cintron and other correctional officers charged him into a table, lifted him up and threw him to the ground.
   Because Plaintiff was not incarcerated when he filed suit, his motion for leave to proceed in forma pauperis is granted and his filing fee is waived.
   Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a plausible claim under the Civil Rights Act as to Defendant Cintron for excessive force. While a more fully developed record may belie Plaintiff's allegations, Defendant Cintron must respond to the complaint. The Court notes that Cintron is not named as a Defendant in the caption of the complaint, but Plaintiff nevertheless states a claim against him in the body of the Complaint. The Clerk is directed to add Sergeant Cintron as a Defendant in the caption of the complaint.
   However, with respect to Defendant Cook County Sheriff's Department, county agencies and departments are not proper suable entities in § 1983 litigation. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). As such, the Cook County Sheriff's Department is dismissed as a Defendant.
   Additionally, it appears that Plaintiff intended to state various other claims in his complaint, and has failed to do so. For instance, Plaintiff has also attempted to raise a federal RICO claim. He alleges that he was charged with battery, but was the only one requesting medical attention for his injuries, and that his injuries were never photographed.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

     Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Rule 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff has merely stated a legal conclusion regarding RICO, and has not included any facts that raise his claims above a speculative level. Additionally, to the extent that Plaintiff is complaining about the medical care that he received, he has not alleged a claim for deliberate indifference against any suable entity. Accordingly, if Plaintiff wishes to pursue these putative claims, he will have to amend his complaint.

     The Clerk shall issue summons for service of the complaint on Defendant Cintron (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

     The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d)(2) before attempting personal service.

     Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.